**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ELECTRONIC MAINTENANCE ASSOCIATES, INC. and ELECTRONIC MAINTENANCE ASSOCIATES OF NEW YORK, INC., | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE NO.: |
| v. | ) | ________________ |
| FIRST HORIZON BANK CORP., | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant First Horizon Bank[1] ("First Horizon" or "Defendant"), appearing specially and reserving all objections to jurisdiction, venue, sufficiency of process, and sufficiency of service of process, hereby removes this action originally filed in the Superior Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. In support of this removal, First Horizon states as follows:

## I. PROCEDURAL BACKGROUND AND COMPLIANCE

1. On or about April 16, 2026, Plaintiffs Electronic Maintenance

---

[1] First Horizon Bank was improperly name in the Complaint as First Horizon Bank Corp.

Associates, Inc. and Electronic Maintenance Associates of New York, Inc. (collectively, "Plaintiffs") filed a Complaint in the Superior Court of Gwinnett County, Georgia, Case No. 26-A-03615-11 (the "State Court Action"), against Defendant First Horizon asserting allegations of Breach of Contract; Negligence; Violation of O.C.G.A. § 11-4A-202; and Attorney's Fees pursuant to O.C.G.A. § 13-6-11.

2. On May 5, 2026, Plaintiffs served First Horizon with a Summons and a copy of the Complaint. In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the State Court Action are attached hereto as **Exhibit A**.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Summons and Complaint upon First Horizon. Accordingly, First Horizon's deadline for removal is June 4, 2026, and this notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

4. First Horizon is contemporaneously filing a Notice of Filing this Notice of Removal with the Clerk of the Superior Court of Gwinnett County, Georgia, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached, without exhibits, as **Exhibit B**.

5. By filing a Notice of Removal in this matter, First Horizon does not waive its right to object to service of process, the sufficiency of process, jurisdiction

over the person, or venue, and First Horizon specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## I. **THE NORTHERN DISTRICT OF GEORGIA IS THE PROPER REMOVAL VENUE**

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, Venue is proper in this Court pursuant to 28 U.S.C. § 90(a)(2) and 1441(a), because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district embracing the Superior Court of Gwinnett County, Georgia, where this action was originally filed.

7. As set forth below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332.

## II. **DIVERSITY JURISDICTION**

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Id*.

9. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Complete diversity exists between the parties to this action.

10. Plaintiff Electronic Maintenance Associates, Inc. ("EMA") is a Georgia corporation with its principal place of business in Georgia. Compl. ¶ 1.

11. Plaintiff Electronic Maintenance Associates of New York, Inc. ("EMA of NY") is a New York corporation with its principal place of business in New York. Compl. ¶ 2.

12. First Horizon is a Tennessee corporation with its principal place of business in Tennessee. Compl. ¶ 3.

13. Thus, EMA is a citizen of Georgia, EMA of NY is a citizen of New York and First Horizon is a citizen of Tennessee. *See* 28 U.S.C. § 1332(c)(1) (providing that for purposes of removal, a corporation is deemed to be a citizen of the state "by which it has been incorporated" and the state "where it has its principal place of business").

14. Because Plaintiffs and First Horizon are citizens of different states, complete diversity exists between the parties to this action.

## III. <u>AMOUNT IN CONTROVERSY</u>

15. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount of controversy must exceed $75,000.00,

exclusive of costs and interest. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. Here, it is facially apparent that Plaintiffs' damages exceed $75,000, exclusive of interest and costs. Plaintiffs state, *inter alia*, "EMA is entitled to recover damages from Defendant totaling no less than Fifty-Four Thousand Eight Hundred Forty-One and 95/100 Dollars ($54,841.95) (Compl. ¶ 31), and "EMA of NY is entitled to recover damages from Defendant totaling no less than One Million Two Hundred Forty-Four Thousand Forty-Six and 77/100 Dollars ($1,244,046.77)" (*Id.* at ¶ 36). Plaintiffs further state, "As a direct and proximate result of Defendant's violation of O.C.G.A. § 11-4A-202, EMA suffered damages in the amount of One Hundred Ninety-Five Thousand Four Hundred Fifty-Two and 00/100 Dollars ($195,452.00) in fraudulent wire transfers" (*Id*. at ¶ 54), and "As a direct and proximate result of Defendant's violation of O.C.G.A. § 11-4A-202, EMA of NY suffered damages in the amount of Two Million Five Hundred Twenty-Eight Thousand Eight Hundred Thirty-Eight and 28/100 Dollars ($2,528,838.28) in fraudulent wire transfers" (*Id*. at ¶ 64).

17. The allegations in the Complaint sufficiently establish that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this

Court to remove the action from state court.

18. Because both of the requirements for federal diversity jurisdiction are satisfied, removal is proper.

WHEREFORE, First Horizon respectfully requests that the Court take jurisdiction of this action and issue all orders and process to remove this action from the Superior Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 3rd day of June 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Kathleen G. Furr*
Kathleen G. Furr
GA Bar No. 589008
3414 Peachtree Rd., NE, Ste 1500
Atlanta, Georgia 30326
Phone: 404.221.6533
Fax: 404.221.6501
kfurr@bakerdonelson.com
*Counsel for First Horizon Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed a copy of the foregoing ***Notice of Removal*** with the Clerk of Court using the Court's ECF system and served a copy of same via electronic mail and First-Class United States Mail, postage prepaid, addressed as follows:

Michael D. Cross, Jr.
Cooper J. Branham
Briskin, Cross & Sanford, LLC
33 S. Main Street, Suite 300
Alpharetta, Georgia 30009
mcross@briskinlaw.com
cbranham@briskinlaw.com
*Attorneys for Plaintiffs*

Respectfully submitted the 3rd day of June, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Kathleen G. Furr*
Kathleen G. Furr
GA Bar No. 589008
kfurr@bakerdonelson.com

*Counsel for First Horizon Bank*